**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NICKOLAS E. AMORY,**

**Plaintiff,**

**v.** **Case No. 25-C-613**

**JAMES SHEA,**

**Defendant.**

---

**DECISION AND ORDER**

---

Plaintiff Nickolas E. Amory is currently incarcerated at the Drug Abuse Correctional Center and representing himself in this 42 U.S.C. § 1983 case. On August 7, 2026, the Court granted summary judgment in favor of Defendants Spencer P. Elias, Derrik T. Maye, Michael L. Kahles, Nicholas N. School, and Greg S. Peterson. Dkt. No. 67. The Court also notified Amory that, pursuant to Federal Rule of Civil Procedure 56(f), it intended to grant summary judgment in favor of Defendant James Shea. The Court allowed Amory fourteen days to respond to the Court's decision. The deadline has passed, and Amory did not file a response. Accordingly, for the reasons explained in the Court's August 7, 2026, decision, the Court will grant summary judgment in Shea's favor and dismiss this case.

**IT IS THEREFORE ORDERED** that summary judgment is **GRANTED** in favor of Shea and this action is **DISMISSED**. The clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of September, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.